UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALI CROSS,<br><br>                Plaintiff,<br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, et al.,<br><br>                Defendants. | Case No. 2:24-cv-01384-LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: March 19, 2025 |

      This matter is before the Court on Plaintiff's failure to update his address with the Court. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends that the Court dismiss this matter without prejudice for failure to prosecute under LCR 41(b)(2).

      On April 28, 2024, plaintiff filed a proposed complaint alleging claims under 42 U.S.C. § 1983. Dkt. 1. On August 30, 2024 the Court mailed to plaintiff's address of record a notice of filing deficiency because plaintiff did not pay the filing fee or provide a prison trust account statement. Dkt. 2.

      Plaintiff filed a motion for extension to respond to the notice of deficiency (Dkt. 3) which the Court granted (Dkt. 4). On November 12, 2024, the Order was returned as undeliverable. Dkt. 5. On November 19, 2024, plaintiff partially corrected the IFP deficiency, but did not provide a prison trust account statement. Dkt. 6. On December 3,

REPORT AND RECOMMENDATION - 1

2024, the Court mailed a second notice of filing deficiency. Dkt. 10. On December 30, 2024 this notice was returned to the Court as undeliverable.

Plaintiff has neither corrected his IFP application nor provided the Court with an updated address.

Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address . . .. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was returned to the Court – as undeliverable to the address provided by plaintiff – more than 60 days ago. To date, plaintiff has not provided an updated address. Accordingly, pursuant to LCR 41(b)(2), the Court should dismiss this action without prejudice for failure to prosecute.

## CONCLUSION

For the reasons discussed above, this action should be DISMISSED without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

NOTED FOR: MARCH 19, 2025 - 2

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration on **March 19, 2025**, as noted in the caption.

Dated this 4th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: MARCH 19, 2025 - 3