UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI CROSS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-01384-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke, recommending dismissal without prejudice of pro se Plaintiff Ali Cross's complaint for failure to prosecute. Dkt. No. 12 at 1; LCR 41(b)(2). Having reviewed the R&R, the remaining record, and the applicable law, the Court adopts the R&R and dismisses Mr. Cross's complaint without prejudice.

　　On August 28, 2024, Mr. Cross filed a proposed complaint alleging claims under 42 U.S.C. § 1983. Dkt. No. 1 at 1. On August 30, 2024, the Court mailed a notice of filing deficiency to Mr.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Cross's address of record because he had not paid the filing fee or submitted an application to proceed in forma pauperis ("IFP"). Dkt. No. 2.

On September 12, 2024, Mr. Cross filed a motion for extension of time to respond to the notice of deficiency, Dkt. No. 3, which the Court subsequently granted, providing him until November 26, 2024 to either pay the filing fee or submit an IFP application. Dkt. No. 4. On November 12, 2024, however, the mailed copy of the order granting Mr. Cross's requested extension was returned as undeliverable. Dkt. No. 5. On November 19, 2024, Mr. Cross partially corrected the filing deficiency by submitting an application to proceed IFP, but did not provide the required prison trust account statement. Dkt. Nos. 6, 7, 8. On November 26, 2024, Mr. Cross filed what appeared to be a notice of change of address. Dkt. No. 9. On December 3, 2024, the Court mailed a second notice of filing deficiency, this time to the updated address Mr. Cross had provided in his November 26 filing. Dkt. Nos. 9, 10. On December 30, 2024, this notice was returned to the Court as undeliverable. Dkt. No. 11. Since that time, Plaintiff has neither corrected his IFP application nor provided the Court with an updated address.

Because mail sent to Mr. Cross's updated address was returned as undeliverable more than 60 days ago, Judge Fricke now recommends that the Court dismiss Mr. Cross's complaint without prejudice for failure to prosecute. Dkt. No. 12 at 1. Mr. Cross did not file objections to the R&R, and he has not filed anything with the Court since his November 26, 2024 Notice of Change of Address. Dkt. No. 9.

Local Rule 41 requires that a party proceeding pro se "keep the court and opposing parties advised as to his or her current mailing address." LCR 41(b)(2). If such a party "fails to notify the court" of his current mailing address within 60 days of mail being returned by the Postal Service, "the court may dismiss the action without prejudice for failure to prosecute." *Id.* Thus, "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails

to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, mail sent to the address provided by Mr. Cross was returned by the Postal Service more than 60 days ago. To date, Mr. Cross has neither corrected his IFP application nor provided the Court with an updated address. Accordingly, the Court agrees with Judge Fricke that this action should be dismissed without prejudice for failure to prosecute under Local Civil Rule 41(b)(2).

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 12; and

(2) Mr. Cross's complaint, Dkt. No. 1, is DISMISSED without prejudice for failure to comply with Local Civil Rule 41(b)(2).

The Clerk is directed to send copies of this order to Mr. Cross at his most recent address, *see* Dkt. No. 9, and to Judge Fricke.

Dated this 25th day of March, 2025.

Lauren King
United States District Judge